# Alabama Lumber Co. *v.* Smith *et al.*

*Action to enforce Material-Man's Lien.*

1. *Action to enforce material-man's lien for unpaid balance; sufficiency of pleas.*—In an action by a material-man to enforce a lien to the extent of the unpaid balance alleged to be in the owner's hands at the time of the giving of notice as to the claim of the lien, as required by the statute, pleas which specifically deny the allegation in the complaint of the existence of any unpaid balance due from the owner to the contractor at the time of the service of such notice, and which, in addition to such specific denial, alleged facts which show that at the time the notice was served, the contractor had abandoned the work, and under the provisions of said contract the owner took possession and completed the building at an expense in excess of the amount agreed to be paid to the contractor, are sufficient to present a defense to such suit and are not subject to demurrer, upon the ground that

they fail to show there was any unpaid balance due the contractor by the owner, when notice was given by the plaintiff of the claim of the lien.

APPEAL from the City Court of Montgomery. Tried before the Hon. A. D. SAYRE.

This suit was brought by the appellant, the Alabama Lumber Company, against the appellees, H. C. Smith and Mrs. Jacques Loeb; and sought to enforce a material-man's lien upon two certain houses and lots belonging to the defendant, Mrs. Loeb, for materials furnished by the Alabama & Georgia Lumber Company, to the defendant H. C. Smith, to be used in the construction of such buildings; it being alleged in the complaint that the Alabama & Georgia Lumber Company had transferred its claim to the plaintiff before suit was instituted.

The complaint as originally filed contained three counts. Demurrers were sustained to the complaint, and the plaintiff amended said complaint by striking out the 2d and 3d counts, and the cause was tried upon the first count of the complaint as amended.

It was averred that the Alabama & Georgia Lumber Company gave to the defendant, Mrs. Jacques Loeb, notice in writing on August 3, 1901, that they claimed a lien on the lots described and the two houses and improvements thereon, for the payment of his claim against the defendant Smith, and that at the time of giving said notice to the defendant, Mrs. Loeb, there was an unpaid balance in her hand on account of the contract with the defendant Smith.

The defendant, Mrs. Jacques Loeb, pleaded the general issue and the following special pleas: "2. That by the terms of the contract under which the buildings mentioned in the complaint were to be constructed by the said Smith, the said Smith was to furnish material and complete the buildings at his own expense for the sum of to-wit, fifty-nine hundred and fifty-five dollars, by a specified time, to-wit, September 1, 1901, and in said contract it was provided that should the said contractor at any time during the progress of the work

[Alabama Lumber Co. v. Smith *et al.*]

thereon, refuse to supply a sufficiency of workmen or material, or cause a delay or suspension of the work for five days, or fail, or refuse, to comply with any of the articles or provisions of the said contract, then and in either event the defendant should have the right and power to enter upon and take possession of the said premises, and provide material and workmen sufficient to finish the work, and the expense of finishing said work should be deducted from the amount of the contract price, etc., and this defendant avers that at the time of the service upon her of the notice in said complaint mentioned, the said contractor Smith had broken his said contract and had abandoned and ceased work on the said buildings for more than five days and said buildings had not then been finished, and the defendant after such failure for the period aforesaid took charge and control of the work and buildings aforesaid and completed the same; and the necessary fair and reasonable costs of completing the said buildings under the terms of said contract were largely in excess of the amount agreed to be paid to the said Smith as aforesaid. And this defendant paid the said costs for the completion of said buildings. This defendant says that she did not owe the said H. C. Smith anything at the time of the service of said notice, under the said contract, and that she is not liable to said plaintiffs, and the plaintiffs have no lien upon the property mentioned in the complaint.

"3. That at the time of the service of the notice set forth in the complaint, this defendant was not indebted to H. C. Smith, the contractor named therein, in any sum whatsoever.

"4. That at the time of the service of the notice set forth in the complaint, there was no unpaid balance due by this defendant to said contractor H. C. Smith under said contract mentioned."

The plaintiff demurred to the special pleas, 2, 3 and 4, separately. The one ground of demurrer to these special pleas is copied in the opinion. The court overruled the demurrer to the special pleas, and upon the hearing of all the evidence, rendered judgment in favor of the plaintiff against the defendant, Smith, and also ren-

dered judgment in favor of the defendant, Mrs. Jacques Loeb. From this judgment the plaintiff appeals, and assigns as error the overruling of the demurrer to these special pleas.

FRED S. BALL, for appellant.

LOMAX, CRUM & WEIL, *contra*, cited *May & Thomas Hardware Co. v. McConnell,* 102 Ala. 577.

DOWDELL, J.—The only assignment of error insisted on, is the action of the court below in overruling the plaintiff's demurrer to the defendant's pleas, numbered 2, 3 and 4. The ground of demurrer to each one of said pleas is: "It [the plea] fails to show that there was not an unpaid balance due the contractor, H. C. Smith, by the owner of the property on which the lien is sought, to-wit, Mrs. Jacques Loeb, when notice was given her of plaintiff's claim of the lien as set forth in the complaint as amended." A material-man, under the provisions of section 2723 of the Code of 1896, is given a lien on such unpaid balance as may be due, or that may become due under an existing contract by the owner or proprietor to the contractor at the time of the service of notice of the proposed lien; and in an action to enforce such lien it is essential for the plaintiff to allege in his complaint that an unpaid balance was due from the owner to the contractor at the time of the service of notice. This the complaint in this cause did allege. And the defendant's plea number 1—the general issue—put in issue this allegation. Pleas 3 and 4 fully deny the allegations in the complaint of the existence of any balance due from the owner to the contractor at the time of the service of notice. It is difficult to see how this allegation of the complaint could be any more fully denied. The facts alleged in the second plea show that at the time notice was served on the owner or proprietor, Mrs. Loeb, of the lien claimed by the plaintiff, the contractor Smith had abandoned the work on the buildings, and under the provisions in the contract, Mrs. Loeb took possession of the

[Pollard *et al.* v. Am. Freehold Land Mgt. Co. of London, Ltd., and Am. Freehold Land Mgt. Co. of London, Ltd. v. Pollard *et al.*]

buildings and completed them, at an expense in excess of the amount agreed to be paid to Smith, the contractor. This plea further in terms, denies that the defendant owed the contractor, Smith, anything under said contract at the time of the service of notice of plaintiff's claim.

We think it plain, that the objection to the pleas raised by the demurrer is groundless. Neither of the pleas demurred to can be said to be defective in the respect alleged in the demurrer. The court committed no error in overruling the demurrer, and the judgment appealed from must, therefore, be affirmed.

Affirmed.